UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MIKEL KENDRICK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-02101-JMS-DML |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255
AND DENYING CERTIFICATE OF APPEALABILITY**

In April 2018, Mikel Kendrick pled guilty in this Court to nine counts of robbery and one count of aiding and abetting in brandishing a firearm during a crime of violence. His prison sentence was enhanced considerably by the firearm offense.

Mr. Kendrick now asks the Court to vacate his sentence pursuant to 28 U.S.C. § 2255 and *United States v. Davis*, 138 S. Ct. 2319 (2019). Because *Davis* does not apply to this case, the Court denies Mr. Kendrick's § 2255 motion, dismisses this action with prejudice, and declines to issue a certificate of appealability.

**I. Legal Standard**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.

§ 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice" *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013).

## II. Background

The details of Mr. Kendrick's crimes are largely immaterial to his § 2255 motion. In short, Mr. Kendrick and four others perpetrated nine robberies in the Indianapolis area in October 2016. Mr. Kendrick served as the getaway driver. Crim. dkt. 79 at § 16.[1] The final robbery took place at a Burger King, and a person in the restaurant fired a gun at three of Mr. Kendrick's associates. *Id.* Mr. Kendrick's associates were also armed, and one left a gun at the scene. *Id.*

Mr. Kendrick entered his guilty plea on April 26, 2018. Crim. dkt. 154. He pled guilty to nine counts of robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and one count of aiding or abetting the brandishing of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Crim. dkt. 116. The Court entered concurrent 36-month prison sentences on each of the nine robbery counts, plus the mandatory minimum 84-month sentence for the firearms charge. *Id.* By law, the Court was required to run the firearm sentence consecutive to the robbery sentences. *See* 18 U.S.C. § 924(c)(1)(A)(ii).

Section 924(c)(1)(A) states, in relevant part:

> [A]ny person who, during and in relation to any crime of violence [. . . ], uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence [. . .] if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years.

---

[1] In this order, citations to "crim. dkt. *x*" refer to documents filed in Mr. Kendrick's criminal case, No. 1:17-cr-00061-JMS-DML. Citations to "civ. dkt. *y*" refer to documents filed in this action, No. 1:20-cv-2101-JMS-DML.

The statute defines "crime of violence" as "an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3).

### III. Analysis

Mr. Kendrick bases his § 2255 motion on two arguments, each of which is foreclosed by Seventh Circuit precedent.

First, Mr. Kendrick seeks relief through *Davis*'s holding that *part* of § 924(c) is unconstitutionally vague. *See* civ. dkt. 2 at 1; *Davis*, 139 S. Ct. at 2336. But *Davis* concerned the "residual clause," § 924(c)(3)(B). *Davis*, 139 S. Ct. at 2323–24. The Seventh Circuit has "held time and again that Hobbs Act Robbery qualifies as a crime of violence under the elements clause—(§924(c)(3)(A))—because it entails the use or threat of force." *United States v. McHaney*, 1 F.4th 489, 491 (7th Cir. 2021). Mr. Kendrick pled guilty to violating the elements clause, so *Davis* has no bearing on his case.

Second, Mr. Kendrick argues that he "cannot get stacked time for robber[y] and § 924(c)." Civ. dkt. 2 at 1. He appears to invoke a provision of the First Step Act limiting circumstances where sentences may be "stacked," or run consecutive to one another, as § 924(c)'s plain language required. But the "anti-stacking amendment applies prospectively." *United States v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021). The Seventh Circuit has held that district courts should not apply the anti-stacking amendment retroactively in the more discretionary context of motions for compassionate release. *Id.* at 574 ("[T]he discretionary authority conferred by § 3582(c)(1)(A) . . . cannot be used to effect a sentencing reduction at odds with Congress's express determination embodied in § 403(b) of the First Step Act that the amendment to § 924(c)'s sentencing structure

3

apply only prospectively."). Certainly, then, the Court may not apply the anti-stacking amendment retroactively as a basis for § 2255 relief.[2]

### IV. Conclusion

For the reasons explained above, Mr. Kendrick is not entitled to relief under § 2255. His § 2255 motion is **denied**, and this action is **dismissed with prejudice**. The **clerk is directed** to enter **final judgment** consistent with this order. The **clerk is also directed** to **docket** a copy of this order in the criminal action, no. No. 1:17-cr-00061-JMS-DML, and to **terminate** the § 2255 motion, crim. dkt. [165], pending in that action.

### V. Denial of Certificate of Appealability

A § 2255 movant does not have the absolute right to appeal a district court's denial of his motion. Rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Kendrick has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Date: 2/3/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[2] The United States argues that Mr. Kendrick's motion is barred entirely by the waiver provision in his plea agreement. Because Mr. Kendrick's arguments are straightforward and clearly fail, the Court declines to address the waiver issue and instead resolves this motion on the merits.

Distribution:

MIKEL KENDRICK
15738-028
COLEMAN - I USP
COLEMAN I U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1033
COLEMAN, FL 33521

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov